IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG

CHRISTY J. RHOADES, in her
capacity as the Administratrix and
Personal Representative of
the estate of Philip Jontz Rhoades,

    Plaintiff,

v.                          Civ. Action No. 1:18-CV-186
                                 (Judge Kleeh)

DAVID FORSYTH, in his official and
individual capacity,

    Defendant.

MEMORANDUM OPINION AND ORDER DENYING
PLAINTIFF'S RULE 59 MOTION FOR NEW TRIAL

    Plaintiff, Christy J. Rhoades ("Plaintiff"), filed a timely "Rule 59 Motion for New Trial" seeking a new jury trial. [ECF No. 226]. For the reasons that follow, the Court **DENIES** the relief sought by Plaintiff.

I.    **BACKGROUND**[1]

    This matter concerns the shooting and killing of Phillip Jontz Rhoades ("Rhoades") by David Forsyth ("Forsyth"). At the time of the incident, Forsyth was an on-duty officer working for the Marion

---

[1] This background is limited to those facts relevant to the pending motion. A full recitation of the factual background of this case can be found in the Court's Memorandum Opinion and Order [ECF No. 136] and Order Addressing Motions *in Limine* [ECF No. 179].

Rhoades v. Forsyth                                              1:18-cv-186

### MEMORANDUM OPINION AND ORDER DENYING
### PLAINTIFF'S RULE 59 MOTION FOR NEW TRIAL

County Sheriff's Department. After taking flight in a vehicle, Rhoades attempted to hide from police on a dead-end dirt road leading to a gas well site. See Am. Compl., ECF No. 22, at ¶ 42. Deputy Love and Forsyth learned where Rhoades was hiding and pursued him pursuant to outstanding warrants for his arrest. Id. ¶ 43. When Love and Forsyth entered the clearing, Forsyth left his cruiser and discharged his firearm seven times — killing Rhoades. Id. ¶ 45. Defendants state that Forsyth instructed Rhoades to "stop the car, show [him] his hands," etc. See Def. MSJ, ECF No. 62, at 5. Defendants also state that Rhoades was reversing the Jeep and then revved the engine and drove the Jeep directly at Forsyth in an aggressive manner. Id. Defendants state that Forsyth saw Rhoades reach for something in the console area. Id. Forsyth interpreted the revving, spinning tires, and aggressive movement of the Jeep as a lethal threat. Id. After shooting Rhoades, and with the help of Love, Forsyth removed Rhoades from the vehicle and provided first aid. Id. at 6.

This case was tried to verdict by a jury on April 9, 2021. The jury found in favor of the defendant on the only question before it, Count I: 42 U.S.C. § 1983 - Excessive Use of Force. The Court ordered any post-trial motions due on or before May 21, 2021, and responses thereto on or before June 4, 2021. Replies were due June 11, 2021. Plaintiff now moves for a new trial under Rule 59

### MEMORANDUM OPINION AND ORDER DENYING
### PLAINTIFF'S RULE 59 MOTION FOR NEW TRIAL

of the Federal Rules of Civil Procedure. The motion is fully briefed and ripe for decision.

## II.  LEGAL STANDARD

Under Rule 59(a) of the Federal Rules of Civil Procedure, a motion for new trial may be granted on all or some issues "after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a). When determining whether to grant a new trial under Rule 59(a), the Court is "permitted to weigh the evidence and consider the credibility of witnesses." Cline v. Wal-Mart Stores, Inc., 144 F.3d 294, 301 (4th Cir. 1998) (citation omitted). This Court, however, may only grant a new trial if "[]the verdict is against the clear weight of the evidence, . . . is based upon evidence which is false, or [] will result in a miscarriage of justice, even though there may be substantial evidence which would prevent the direction of a verdict." Atlas Food Sys. & Servs., Inc. v. Crane Nat'l Vendors, Inc., 99 F.3d 587, 594 (4th Cir. 1996).

The Fourth Circuit has noted that "[u]nder the applicable legal principles, a trial court 'should exercise its discretion to award a new trial sparingly,' and a jury verdict is not to be overturned except in the rare circumstance when the evidence 'weighs heavily' against it." United States v. Smith, 451 F.3d

MEMORANDUM OPINION AND ORDER DENYING
PLAINTIFF'S RULE 59 MOTION FOR NEW TRIAL

209, 216-17 (4th Cir. 2006) (quoting United States v. Perry, 335 F.3d 316, 320 (4th Cir. 2003)). A new trial should not be granted "where the moving party has failed to timely object to the alleged impropriety giving rise to the motion." Dennis v. General Elec. Corp., 762 F.2d 365, 367 (4th Cir. 1985).

**III. ANALYSIS**

In the Motion for New Trial, Plaintiff argues that a new trial is warranted because: (1) the district court erred in instructing the jury; (2) the defendant's expert, Samuel Faulkner, committed perjury and prejudiced Plaintiff; and (3) defense counsel's improper statements during closing argument prejudiced the jury. See ECF No. 227.

**A. Fleeing Instruction**

First, Plaintiff argues the jury instruction on fleeing from a police officer contravenes Tennessee v. Garner. "A jury instruction is erroneous if it misleads the jury as to the correct legal standard or does not adequately inform the jury on the law." Velez v. City of New York, 730 F.3d 128, 134 (2d. Cir. 2013).

The instruction given to the jury, Defendant's proposed instruction 7 as modified, stated:

<u>**Fleeing from a Police Officer**</u>

> There has been evidence presented in this case that the decedent, Philip Rhoades, intentionally fled or attempted to flee from

4

Rhoades v. Forsyth                                    1:18-cv-186

**MEMORANDUM OPINION AND ORDER DENYING
PLAINTIFF'S RULE 59 MOTION FOR NEW TRIAL**

> law enforcement officers at the time of the
> shooting. The jury is instructed that in West
> Virginia, it is a crime for any person to flee
> or attempt to flee in a vehicle from law
> enforcement after officers have given a clear
> visual or audible signal directing the person
> to stop. You may consider the conduct of the
> decedent, Philip Rhoades, as part of the
> totality of the circumstances, when
> determining whether the use of deadly force by
> the Defendant David Forsyth was reasonable.

[ECF No. 211]. Plaintiff argues giving such an instruction was "clear legal error."

"The use of deadly force to prevent the escape of all felony suspects, whatever the circumstances, is constitutionally unreasonable." Tennessee v. Garner, 471 U.S. 1, 11 (1985). Plaintiff argued this Court previously stated a suspect's flight is irrelevant to the deadly force question and the key issue is whether "Rhoades was driving his vehicle at Forsyth and therefore using his vehicle as a weapon" such that Forsyth faced an imminent threat that would justify the use of deadly force. [quoting ECF No. 136 at 12]. Plaintiff argues it was improper and unduly prejudicial to Plaintiff for the Court to suggest that anything Rhoades had purportedly done was a crime under West Virginia law. Plaintiff argues Rhoades was never charged or convicted of that conduct, and such instruction is prejudicial against Plaintiff. Plaintiff also asserts that the Court contravened its own

### MEMORANDUM OPINION AND ORDER DENYING
### PLAINTIFF'S RULE 59 MOTION FOR NEW TRIAL

evidentiary rulings because it ruled that any evidence of prior criminal conduct was inadmissible. [ECF No. 188].

"As a general matter, a district court has an obligation to give instructions to the jury that 'fairly state[ ] the controlling law.'" United States v. Alvarado, 816 F.3d 242, 248 (4th Cir. 2016) (citing United States v. Cobb, 905 F.2d 784, 789 (4th Cir. 1990)). "[The United States Court of Appeals of the Fourth Circuit] accord[s] the district court much discretion and will not reverse provided that the [jury] instructions, taken as a whole, adequately state the controlling law." Teague v. Bakker, 35 F.3d 978, 985 (4th Cir. 1994). Further, the jury instructions must be studied as a whole, and cannot be reviewed in fragmentary terms. "In reviewing the adequacy of jury instructions, [the Fourth Circuit] determine[s] "whether the instructions construed as a whole, and in light of the whole record, adequately informed the jury of the controlling legal principles without misleading or confusing the jury to the prejudice of the objecting party." United States v. Kivanc, 714 F.3d 782, 794 (4th Cir. 2013) (internal citation omitted).

In crafting its jury instructions, the Court is faced with balancing whether the given instruction is a correct statement of law and to prevent jury confusion. United States v. Kivanc, 714 F.3d 782, 794 (4th Cir. 2013). The test for reasonableness, a

MEMORANDUM OPINION AND ORDER DENYING
PLAINTIFF'S RULE 59 MOTION FOR NEW TRIAL

necessary discussion at the heart of this case and this fleeing instruction, "requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." Graham v. Connor, 490 U.S. 386, 396 (1989); see Tennessee v. Garner, 471 U.S. at 8–9, (the question is "whether the totality of the circumstances justifie[s] a particular sort of . . . seizure.").

The given instruction was a correct statement of law and did not mislead or confuse the jury. Because the "reasonableness of a particular use of force must be judged from the perspective of a reasonable officer on the scene," the Court's fleeing instruction was required to prevent misleading or confusing the jury. Id. (internal quotation and citation omitted). Most important and not mentioned by Plaintiff is that Rhoades's alleged flight on August 2 is well captured on the radio traffic. At the charge conference, Plaintiff objected to the fleeing jury instruction. The Court overruled Plaintiff's objection and revised the instruction to include "as part of the totality of the circumstances." The Court found this to be an accurate statement of the law, and noted that evidence was presented to the jury, particularly in the radio traffic, indicating law enforcement believed that Rhoades was

Rhoades v. Forsyth                                          1:18-cv-186

### MEMORANDUM OPINION AND ORDER DENYING
### PLAINTIFF'S RULE 59 MOTION FOR NEW TRIAL

fleeing, thus requiring an explanation as to how Rhoades and the officers arrived where they did.[2] The instruction is an appropriate part of the calculus of the totality of the circumstances. [See Trial Trans. ECF No. 223, page 722].

As the parties are well aware, Defendant's trial testimony also included detailed information regarding law enforcement's belief that Rhoades was fleeing, and described the pursuit of that alleged flight. To combat the risk of misleading or confusing the jury, the Court inserted in its instruction "as part of the totality of the circumstances in determining whether the use of deadly force by David Forsyth was reasonable." ECF No. 223, 722:11-723:8. In addition, to the extent Plaintiff asserts the Court insinuated an officer can use deadly force to prevent an escape, the Court instructed the jury the following curative measure:

> **An officer may not use deadly force to prevent a suspect from escaping;** unless deadly force is necessary to prevent the escape and the officer has probable cause to believe that the suspect poses an immediate, significant threat of death or serious physical injury to the officer or others.

---

[2] The introduction of the radio traffic evidence was consistent with the Court's pretrial evidentiary rulings limiting the evidence to that which framed the "totality of the circumstances" and, arguably to Plaintiff's benefit, excluding matters outside that scope.

Rhoades v. Forsyth                                      1:18-cv-186

### MEMORANDUM OPINION AND ORDER DENYING
### PLAINTIFF'S RULE 59 MOTION FOR NEW TRIAL

ECF No. 223, 750:14-18 (emphasis added). Because the reasonableness test under <u>Graham</u> required reflection within the Court's jury instructions, the fleeing instruction neither prejudiced, misled, or confused the jury, and instead mirrored an accurate statement of the law. Thus, the Court finds this ground does not present a sufficient basis upon which to order a new trial.

**B. Reasonable Person Instruction**

The Court twice used the "reasonable person" language in lieu of the "reasonable law enforcement officer" standard. <u>See</u> ECF No. 211. Plaintiff argues the Court erred in instructing the jury that a police officer is not liable if he acted as a reasonable person would. Plaintiff states that due to this error, "coupled with the other erroneous jury instructions, Plaintiff's fate was sealed." ECF No. 227 at 9.

Plaintiff relies on <u>Pinkus v. United States</u>, 436 U.S. 293, 301 (1978). "Every man is likely to think of himself as the happy exemplification of 'the reasonable man'; and so the standard he adopts in order to fulfill the law's prescription will resemble himself, or what he thinks he is, or what he thinks he should be, even if he is not." <u>Id.</u>

The Court again balances whether the given jury instruction was a correct statement of law and whether its instructions

**Rhoades v. Forsyth**                                    **1:18-cv-186**

MEMORANDUM OPINION AND ORDER DENYING
PLAINTIFF'S RULE 59 MOTION FOR NEW TRIAL

prevented jury confusion. The given instruction at issue here was

a correct statement of law and did not mislead or confuse the jury

when read as a whole. <u>United States v. Kivanc</u>, 714 F.3d 782, 794

(4th Cir. 2013). The Court discussed "reasonableness" and other

likenesses of the word several times throughout its instructions

to the jury:

> To determine whether the Defendant David
> Forsyth's acts caused Philip Rhoades to suffer
> the loss of a Constitutional right, you must
> determine whether the amount of force used in
> attempting to effect the arrest was that which
> an objective **reasonable officer** would have
> employed in effecting the arrest under similar
> circumstances.

. . .

> To determine whether the Defendant David
> Forsyth's acts caused Philip Rhoades to suffer
> the loss of a Constitutional right, you must
> determine whether the amount of force used in
> attempting to effect the arrest was that which
> a **reasonable officer** would have employed in
> effecting the arrest under similar
> circumstances. Whether or not the force used
> was excessive is an issue for you to decide on
> the basis of that degree of force that a
> **reasonable and prudent law enforcement officer**
> would have applied under the same
> circumstances disclosed in this case. The test
> of **reasonableness** requires careful attention
> to the facts and circumstances including, but
> not limited to, whether Philip Rhoades posed
> an immediate threat to the safety of the
> officer or others; whether Philip Rhoades was

Rhoades v. Forsyth                                    1:18-cv-186

MEMORANDUM OPINION AND ORDER DENYING
PLAINTIFF'S RULE 59 MOTION FOR NEW TRIAL

actively resisting the arrest, and the
severity of the injury to Philip Rhoades.

. . .

The **reasonableness** of a particular use of
force must be judged from the perspective of
a **reasonable officer on the scene**, rather than
with the 20/20 vision of hindsight. With
respect to a claim of excessive force, the
standard of **reasonableness** at that moment
applies.

. . .

The **reasonableness** inquiry is an objective
one. The question is whether an **officer's
actions are objectively reasonable** in light of
all the facts and circumstances confronting
Defendant Forsyth, without regard to Defendant
Forsyth's underlying intent or motivation.
Evil intentions will not make a constitutional
violation out of an **objectively reasonable** use
of force; and good intentions will not make an
unreasonable use of force proper.

. . .

If you find that the amount of force used was
greater than a **reasonable person** would have
employed, the Plaintiff will have established
the claim of loss of a federal right by Philip
Rhoades and your verdict should be for the
Estate of Philip Jontz Rhoades.

. . .

If after considering all of the evidence, you
should find the amount of force used was not

Rhoades v. Forsyth                                        1:18-cv-186

## MEMORANDUM OPINION AND ORDER DENYING
## PLAINTIFF'S RULE 59 MOTION FOR NEW TRIAL

> greater than a **reasonable person** would have
> employed, the Plaintiff will have failed to
> establish the claim of loss of a federal right
> by Philip Rhoades and your verdict should be
> for the Defendant David Forsyth.

ECF No. 211 at 10-13; see also ECF No. 223 at 748:18-750:3

(emphasis added). The instruction at issue includes the

"reasonable person" standard in lieu of the pertinent "reasonable

officer" standard: "If you find that the amount of force used was

greater than a reasonable person would have employed, the Plaintiff

will have established the claim of loss of a federal right by

Philip Rhoades"; and "If after considering all of the evidence,

you should find the amount of force used was not greater than a

reasonable person would have employed, the Plaintiff will have

failed to establish the claim of loss of a federal right by Philip

Rhoades and your verdict should be for the Defendant David

Forsyth." Absent the party substitution of "Defendant David

Forsyth" for "Defendants" at the end of the instruction, the same

was taken verbatim from Defendant's Proposed Jury Instruction

number 4, filed with the Court on January 14, 2020, approximately

fifteen (15) months prior to the jury trial in this case. ECF No.

101 at 9.

While Defendant filed objections to Plaintiff's proposed jury

instructions [ECF No. 171], Plaintiff failed to file objections to

MEMORANDUM OPINION AND ORDER DENYING
PLAINTIFF'S RULE 59 MOTION FOR NEW TRIAL

Defendant's proposed jury instructions. Similarly, at the charge conference on April 9, 2021, the Court notified the parties that it incorporated Defendant's proposed instruction four (4) as modified, over no objection by either party. ECF No. 223, 717:7-10 ("Defendant's three, portions of it were incorporated, as I am sure the parties saw, so that one is modified. Number four, same. Portions of it were incorporated in part, so it has been incorporated as modified."). Plaintiff failed to raise an objection to this instruction; therefore, the Court's review is for plain error. See Fed. R. Civ. P. 51(d)(2) ("A court may consider a plain error in the instructions that has not been preserved as required by Rule 51(d)(1) if the error affects substantial rights.").

> Under the plain error standard of review, the plaintiffs are not entitled to a new trial unless they can establish that (1) there was an instructional error; (2) that error is plain; (3) that error affected the plaintiffs' substantial rights; and (4) that error seriously affected the fairness, integrity or public reputation of the court's proceedings.

Gray v. Bd. of Cnty. Com'rs of Frederick Cnty., 551 F. App'x 666, 672 (4th Cir. 2014) (internal citation omitted); see also United States v. Olano, 507 U.S. 725, 731-32 (1993).

First, the Court agrees there was an error on the face of the jury instructions. The Court certainly committed a typographical

Rhoades v. Forsyth                                       1:18-cv-186

## MEMORANDUM OPINION AND ORDER DENYING
### PLAINTIFF'S RULE 59 MOTION FOR NEW TRIAL

error by including "person" in lieu of "police officer" twice in
its lengthy instructions to the jury. For error to be "plain,"
juxtaposed to "harmless," the error must "affect substantial
rights." United States v. Olano, 507 U.S. 725, 731-32 (1993).
"[T]he error must have been prejudicial: It must have affected the
outcome of the district court proceedings." Id. at 734 (internal
citations omitted). "While Rule 52(a) precludes error correction
only if the error 'does not affect substantial rights' [], Rule
52(b) authorizes no remedy unless the error does 'affec[t]
substantial rights.' Id. at 735.

      The Court fails to see how the error affected Plaintiff's
substantial rights and seriously affected the fairness, integrity,
or public reputation of the proceedings. Id. at 732. Plaintiff has
not made a specific showing of prejudice. Plaintiff argues the
Court sua sponte lowered the standard by which the jury should
have been charged to deliberate and "turn[ed] Graham and its
progeny on its head," thereby prejudicing Plaintiff. ECF No. 227
at 9. Because the Court must evaluate whether the error affected
Plaintiff's substantial rights and seriously affected the
fairness, integrity or public reputation of the court's
proceedings, the Court cannot find in favor of Plaintiff on this
issue. When reading the instructions as a whole, the Court made
clear to the jury the sole issue for it to decide is whether,

**Rhoades v. Forsyth**                                         **1:18-cv-186**

### MEMORANDUM OPINION AND ORDER DENYING
### PLAINTIFF'S RULE 59 MOTION FOR NEW TRIAL

according to an objectively reasonable police officer under the circumstances, without regard to his underlying intent, the force used is excessive. Graham v. Conner, 490 U.S. 386, 397 (1989).

The Fourth Circuit has demonstrated what constitutes prejudice affecting the substantial rights of a party in the context of granting or denying a motion for new trial or directed verdict. See, e.g., United States v. Medley, 972 F.3d 399, 415 (4th Cir. 2020) (district court's failure to instruct the jury as to an essential element of a crime prejudiced the defendant, affected the defendant's substantial rights, and was therefore plain error); United States v. Johnson, 945 F.3d 174, 178 (4th Cir. 2019) (district court's failure to sua sponte give a limiting jury instruction for "other acts or crimes" evidence, based on references to marijuana found in defendant's car, did not amount to plain error); United States v. Howard, 309 Fed.App'x. 760, 767 (4th Cir. 2009) (jury instruction to determine quantity of cocaine base involved in conspiracy on special verdict form, but which did not specifically require that jury find the drug amounts attributable to each individual defendant was not plain error); United States v. Posey, 294 Fed.App'x. 765, 768 (4th Cir. 2008) (district court's jury instruction on drug quantity in a conspiracy to distribute crack cocaine charge did not affect defendant's substantial rights and therefore did not constitute plain error);

Rhoades v. Forsyth                                          1:18-cv-186

### MEMORANDUM OPINION AND ORDER DENYING
### PLAINTIFF'S RULE 59 MOTION FOR NEW TRIAL

United States v. Patterson, 142 Fed.App'x. 740, 741 (4th Cir. 2005)
(district court did not commit plain error when failing to instruct
the jury as to the five-year statute of limitations because there
was sufficient evidence of the conduct occurring within that time
frame); United States v. Locust, 95 Fed. App'x. 507, 516 (4th Cir.
2004) (district court's failure to instruct jury on assessing the
credibility of police officer testimony was not plain error where
court gave general witness credibility instruction); United States
v. Stewart, 256 F.3d 231, 252 (4th Cir. 2001) ("failure to instruct
the jury on an element of an offense does not constitute error per
se"); Sit-Set, A.G. v. Universal Jet Exchange, Inc., 747 F.2d 921,
926-27 (4th Cir. 1984) (finding judicial commentary in front of
the jury regarding dispositive issues prejudicial and requiring
the verdict to be set aside).

Within the twenty-two (22) pages of jury instructions, the
Court twice used the phrase "reasonable person." The jury
instruction concerning the excessive force claim charged the jury
with determining whether Forsyth's actions were reasonable, and
directed the jury, four distinct times, to consider whether a
reasonable police officer would have used a similar amount of force
under the circumstances presented. When the instructions are read
as a whole, this instruction provided the jury with the governing
inquiry and "substantially covered" the proper legal standard,

16

leaving room for the parties to argue whether the deadly force deployed by Forsyth was, in fact, reasonable. Gray, 551 F. App'x at 674 (quoting Noel v. Artson, 641 F.3d 580, 586-87 (4th Cir. 2011). To the extent the "reasonable person" language appears twice in the Jury Charge, and the Court instructed the jury on the reasonable officer standard at least four (4) times, the Jury Charge as a whole is an accurate statement of the law and there is no prejudice against the Plaintiff. Plaintiff's motion is denied on this ground.

**C. Samuel Faulkner's Testimony**

Plaintiff alleges Samuel Faulkner, Defendant's liability expert and sole witness, committed perjury when he took the stand, specifically that "Faulkner lied at trial about lying during his deposition in this case." Plaintiff argues that Faulkner lied about the date he accepted a position as a law enforcement officer at the John Glenn Columbus International Airport, formerly known as the Port Columbus International Airport, and continued to lie when pressed on the witness stand by Plaintiff's counsel. [ECF No. 223, 682:24-685:13]. Faulkner maintains that he volunteered at the airport in 2001 after the terrorist attacks on September 11, 2001, but Plaintiff asserts Faulkner worked for pay at the airport in 2000. Plaintiff argues this testimony persuaded the jury to reach the verdict it did. Plaintiff submits Faulkner's employment

**MEMORANDUM OPINION AND ORDER DENYING
PLAINTIFF'S RULE 59 MOTION FOR NEW TRIAL**

documents, dated 1999, as proof sufficient for the Court to be "reasonably well satisfied" that Faulkner provided false testimony at trial.

Plaintiff reaches here. The Fourth Circuit has established the standard for granting a new trial due to a witness's alleged perjury:

> (1) the trial court is "reasonably well satisfied" that a material witness gave false testimony; (2) in the absence of the false testimony, the jury may have reached a different conclusion; and (3) the party requesting the new trial was "taken by surprise" when the false testimony was given, and was unable to address it or was not aware of its falsity until after the trial.

United States ex rel. Davis v. U.S. Training Ctr., Inc., 498 F. App'x 308, 321 (4th Cir. 2012) (citing United States v. Wallace, 528 F.2d 863, 866 (4th Cir. 1976)). "[N]ew evidence going only to the credibility of a witness does not generally warrant the granting of a new trial." United States v. Custis, 988 F.2d 1355, 1359 (4th Cir. 1993) (citing United States v. Stockton, 788 F.2d 210, 220 (4th Cir. 1986)). "There may be an exceptional 'rare case' that would justify granting a new trial solely on the basis of newly discovered impeachment evidence." Id. (internal citation omitted).

First, Plaintiff believes the Court can be "reasonably well satisfied" that Faulkner gave false testimony on the stand because

MEMORANDUM OPINION AND ORDER DENYING
PLAINTIFF'S RULE 59 MOTION FOR NEW TRIAL

his employment documents from the airport show Faulkner's work application dated August 24, 1998, and an Employee Transaction Form dated May 28, 1999. ECF No. 227-2. However, the Court is not reasonably well satisfied that the testimony was false. As Defendant pointed out in his response brief, "whether or not Mr. Faulkner began working for the Port Columbus International Airport before September 11, 2001 is certainly not inconsistent with volunteering services in the years following September 11, 2001." ECF No. 228, p. 12. This fact paired with Plaintiff's reliance on an *application* for work at the airport and related employee document dated 1998 and 1999, as opposed to an employment agreement, and unverified by pay stubs and the like, fail to persuade the Court to be reasonably well satisfied that Faulkner committed perjury.

Second, the Court cannot conclude that without the alleged false testimony, the jury would have found in favor of Plaintiff on her excessive force claim. The alleged false testimony, in great part, concerned only insignificant details that would likely have had no material consequence on the jury's verdict. Indeed, the testimony at issue was regarding Faulkner's employment start date at the Columbus airport and whether it was a paid or unpaid position. ECF No. 223, 682:24-685:13.

Rhoades v. Forsyth                                          1:18-cv-186

### MEMORANDUM OPINION AND ORDER DENYING
### PLAINTIFF'S RULE 59 MOTION FOR NEW TRIAL

Third, "surprise does not warrant a new trial unless it deprives the party of a fair hearing." Twigg v. Norton Co., 894 F.2d 672, 675 (4th Cir. 1990). The alleged false testimony did not take Plaintiff by surprise, and she was able to adequately confront it at trial. Her counsel cross-examined Faulkner on the alleged inconsistent statement, which first allegedly occurred during deposition, regarding the start date of the employment and whether it was paid. Further, Plaintiff must prove she was reasonably and genuinely surprised, and that such surprise "resulted in actual prejudice." Id. Here, even if Plaintiff was "reasonably and genuinely surprised," she suffered no actual prejudice by Faulkner's alleged false testimony.

Accordingly, Plaintiff's motion for a new trial based on the alleged perjured testimony of Faulkner is denied.

#### D. Improper Remarks at Closing

Finally, Plaintiff argues the following statement made by defense counsel during closing argument inflamed the jury and warrants Plaintiff a new trial: "[a]nd we know a vehicle can be a deadly weapon, ladies and gentlemen. We heard in the news just over the last week or so that a Capitol police officer was killed in D.C. with a vehicle by a suspect, so we know it is possible." ECF No. 223, 796:14-20. She also argues that the Court failed to cure the prejudice. "A new trial may be granted based on improper

20

MEMORANDUM OPINION AND ORDER DENYING
PLAINTIFF'S RULE 59 MOTION FOR NEW TRIAL

jury argument." <u>Caudle v. D.C.</u>, 707 F.3d 354, 359 (D.C. Cir. 2013)
(citation omitted).  However, "[c]ourts routinely deny new trials
if improper remarks by counsel, when placed in the broader context
of trial and the evidence, did not likely influence the verdict."
<u>Finch v. Covil Corp.</u>, 388 F. Supp. 3d 593, 613 (M.D.N.C. 2019),
<u>aff'd</u>, 972 F.3d 507 (4th Cir. 2020).  "Of the many details of trial
management necessarily committed to broad trial court discretion,
perhaps none is more due appellate deference than conduct of non-
judicial participants in the process that is asserted unfairly to
have prejudiced the jury." <u>Arnold v. Eastern Air Lines, Inc.</u>, 681
F.2d 186, 194 (4th Cir. 1982).

Plaintiff urges the Court to consider the guidance of the
Supreme Court of Appeals of West Virginia in <u>Crum v. Ward</u>, 122
S.E.2d 18, 26 (W. Va. 1961). The Court will instead assess this
claim of error under the binding precedent of the Fourth Circuit.
"This standard is met only where there is a 'reasonable
probability' that the conduct improperly influenced the jury in
reaching its verdict, i.e., the conduct 'effective[ly] subver[ted]
. . . the jury's reason or . . . its commitment to decide the
issues on the evidence received and the law as given it by the
trial court.'" <u>Minter v. Wells Fargo Bank, N.A.</u>, 762 F.3d 339,
351 (4th Cir. 2014) (quoting <u>Arnold</u>, 681 F.2d at 197); <u>see also</u>
<u>Hemmings v. Tidyman's Inc.</u>, 285 F.2d 1174, 1192 (9th Cir. 2002)

Rhoades v. Forsyth                                    1:18-cv-186

MEMORANDUM OPINION AND ORDER DENYING
PLAINTIFF'S RULE 59 MOTION FOR NEW TRIAL

("Generally, misconduct by trial counsel results in a new trial if
the flavor of misconduct sufficiently permeate[s] an entire
proceeding to provide conviction that the jury was influenced by
passion and prejudice in reaching its verdict.").

    The Fourth Circuit has recognized the advantages of the
district court's viewpoint and commends this question to the trial
court's discretion.  See id.  The "totality of the circumstances"
guides on whether a new trial is appropriate including "the nature
of the comments, their frequency, their possible relevancy to the
real issues before the jury, the manner in which the parties and
the court treated the comments, the strength of the case (e.g.
whether it is a close case), and the verdict itself."  Id.
(internal quotations and citations omitted).  A key question is
whether the "attorney misconduct" permeated the trial thereby
repeatedly exposing the jury to inappropriate argument or whether
the improper comments are isolated in nature.  See id. at 351-52
(comparing cases from different circuits); see also Insurance Co.
of America, Inc. v. U.S. Gypsum Co., Inc., 870 F.2d 148, 154 (4th
Cir. 1989) (finding a remark made during opening statement of a
three-week trial between "two large corporations" insufficient to
be prejudicial); Stemmons v. Missouri Dept. of Corrections, 82
F.3d 817, 822 (8th Cir. 1996) (affirming verdict because of
"isolated incident" during closing argument); Cooper v. Firestone

22

MEMORANDUM OPINION AND ORDER DENYING
PLAINTIFF'S RULE 59 MOTION FOR NEW TRIAL

Tire & Rubber Co., 945 F.2d 1103, 1107 (9th Cir. 1991) (declining

to award a new trial because, among other things, comment was

isolated rather than persistent).

     The Fourth Circuit has also cautioned district courts are

empowered to address inappropriate conduct at trial.

               [W]here counsel's references to inadmissible
               or unprovable facts are so flagrant or
               inflammatory as to affect the fairness of the
               trial, it is within the sound discretion of
               the trial judge to take such remedial action
               as he deems proper, including, if he considers
               such action appropriate, a mistrial and the
               exercise of such discretion will not
               ordinarily be disturbed unless clearly
               erroneous.

Bright v. Coastal Lumber Co., 962 F.2d 365, 370-71 (4th Cir. 1992)

(citing Maxworthy v. Horn Elec. Serv., Inc., 452 F.2d 1141, 1144

(4th Cir. 1972) (footnotes omitted)).

     The Court agrees with Plaintiff that defense counsel's

comment was completely inappropriate for closing argument.[3] The

---

[3] While the Court believes defense counsel's remarks about the
Capitol police officer killing to be highly unsuitable for closing
argument, all counsel of record in this case would benefit from
remembering what Justice Gorsuch (then Judge Gorsuch of the Tenth
Circuit) called the "cardinal rule" of closing argument: "that
counsel must confine comments to evidence in the record and to
reasonable inferences from that evidence." Whittenburg v. Werner
Enterprises Inc., 561 F.3d 1122, 1128-29 (10th Cir. 2009) (citing,
among other things, Model Rules of Prof. Conduct R. 3.4) (Gorsuch,
J.) (see Trial Transcript ECF No. 223, 785:25-786:6 "Folks, myself,
Mr. Hogan, Mr. Prince, we all spent some or all of our childhoods
living in a trailer. Mr. Hogan here, he was born in a trailer. And
as I stand here today, each of the three of us, are ranked in the

Rhoades v. Forsyth                                    1:18-cv-186

### MEMORANDUM OPINION AND ORDER DENYING
### PLAINTIFF'S RULE 59 MOTION FOR NEW TRIAL

only question before the Court on this issue is whether it is

grounds for new trial. The Court's finding is that it is not.

While defense counsel's remarks were improper, Plaintiff cannot

show sufficient prejudice to warrant a new trial.

---

top two and a half percent of attorneys in the state of West
Virginia"; see also id. at 786:19-788:2 "And I am going to tell
you a story. A story about my own life. That is my dad . . . This
is me. And this is the first fish I ever caught, okay. Now, I
remember this day very well. So I am -- my parents were divorced.
I am down at my dad's. At the time he is living with one of his
buddies from the Army down on the shores of Alabama. Me and my
little brother were there, and we were fishing off of a little
dock, and I remember I was so excited, you know. I saw the pole
hit. I started yelling for my dad, 'Daddy, daddy,' I was probably
only about five years old, okay. He comes over, and we reel this
fish in, and I was so excited. I kept telling him, 'I caught
dinner, I caught dinner, daddy.' I was so excited. And we go to
the store, grab a few things, go home. I vividly remember seeing
the fish frying in the pan. And before that, we had gone out in
the yard and –").

   The Court, not so divorced from the practice of law and the
emotional rigors of litigation, also notes Justice Gorsuch's
qualifying comment on the "cardinal rule" – "[w]e also emphasize
that closing argument need not, nor should, be a sterile exercise
devoid of passion. Parties are entitled to have someone speak with
eloquence and compassion for their cause. . . . Arguments may be
forceful, colorful, or dramatic, without constituting reversible
error. . . . Counsel may resort to poetry, cite history, fiction,
personal experiences, anecdotes, biblical stories, or tell jokes."
Whittenburg, 561 F.3d at 1133 (quotations and citations omitted).
Here, however, both sides warrant reminder to remain closer to the
boundaries of the safe harbor provided by the "cardinal rule" and
further from emotional pleas based on inappropriate argument.
Regardless, the improper argument of counsel, to which objections
were sustained, was insufficient to taint the trial proceeding
requiring a new trial.

Rhoades v. Forsyth                                          1:18-cv-186

### MEMORANDUM OPINION AND ORDER DENYING
### PLAINTIFF'S RULE 59 MOTION FOR NEW TRIAL

Here, the nature of defense counsel's comment, while relative to the instant proceedings only in that both incidents involved a vehicle and a law enforcement officer, were too removed from these facts to be remotely relevant to Plaintiff's case. Taking the totality of the circumstances, however, the Court cannot find defense counsel's isolated statement in a lengthy[4] closing argument sufficient to grant a new trial. See City of Malden, Mo. v. Union Elec. Co., 887 F.2d 157, 164 (8th Cir. 1989) ("Defense counsel's comments were brief and were made in the context of a lengthy closing argument . . ."). Plaintiff cannot show prejudice was suffered by defense counsel's single remark in closing argument. Arnold v. Eastern Air Lines, Inc., 681 F.2d 186, 197 (4th Cir. 1982). The Court sustained Plaintiff's objection to the closing remarks. United States v. Dorsey, 45 F.3d 809, 818 (4th Cir. 1995); Arnold v. Eastern Air Lines, Inc., 681 F.2d 186, 197 (4th Cir. 1982). The Court cannot find that defense counsel's single reference to inadmissible facts infected the trial with unfairness

---

[4] The closing argument at issue here was one minute shy of an hour in length. See ECF No. 223, 790:8-822:17. The challenged remark was early in that presentation, at roughly ten minutes into counsel's closing argument. Defendant's summation followed Plaintiff's closing argument which exceeded an hour in length. See ECF No. 223, 763:13-789:7. Plaintiff followed with an eleven-minute rebuttal. ECF No. 223, 822:23-828:8. The one-time, isolated remark from counsel, albeit inappropriate, can hardly be considered so prejudicial floating in a sea of words.

Rhoades v. Forsyth                                    1:18-cv-186

### MEMORANDUM OPINION AND ORDER DENYING
### PLAINTIFF'S RULE 59 MOTION FOR NEW TRIAL

such that Plaintiff was denied a fair trial. See Bright v. Coastal
Lumber Co., 962 F.2d 365, 370-71 (4th Cir. 1992); see also United
States v. Wilson, 135 F.3d 291, 297 (4th Cir. 1998).

Plaintiff also takes issue with the Court's ruling sustaining
Plaintiff's objection, but failure to grant her motion to strike.
The Court instead cautioned defense counsel to "[s]tay within the
confines of this case." ECF No. 223, 796:14-24.  However, Plaintiff
overlooks the Court's instructions of law to the jury both during
preliminary instructions and the final jury charge.  Indeed, the
Court's lengthy instructions to the jury that "[s]tatements and
arguments of attorneys are not evidence in the case," "[a]ny
evidence to which [the court] sustained an objection during the
course of trial, and any evidence that [the court] ordered stricken
from the record, must be entirely disregarded by you in your
deliberations," and

> Objections to questions are not evidence.
> Lawyers have an obligation to their clients to
> make an objection when they believe evidence
> being offered is improper under the rules of
> evidence. **You should not be influenced by the
> objection or by the Court's ruling on it. If
> the objection is sustained, ignore the
> question.** If it is overruled, treat the answer
> like any other. If you are instructed that
> some item of evidence is received only for a
> limited purpose, you must follow that
> instruction

Rhoades v. Forsyth                                    1:18-cv-186

### MEMORANDUM OPINION AND ORDER DENYING
### PLAINTIFF'S RULE 59 MOTION FOR NEW TRIAL

cured any prejudice that might have arisen from defense counsel's comments. ECF No. 211 at 5(D)-(F) (emphasis added). "[J]uries are presumed to follow their instructions." United States v. Chong Lam, 677 F.3d 190, 204 (4th Cir. 2012) (quoting Richardson v. Marsh 481 U.S. 200, 211 (1987)). Nothing in the record suggests this jury failed to comply with those instructions and Plaintiff points to nothing which could overcome that presumption. See United States v. Dorsey, 45 F.3d 809, 818 (4th Cir. 1995) (finding no prejudice where "the district court's curative instructions properly informed the jury of the types of evidence that they should and should not consider in reaching its verdict").

As the Tenth Circuit observed, "courts must exercise great caution in setting aside a jury's verdict due to an improper argument . . . . Even if some statements exceeded the bounds of permissible argument, a judgment will not be disturbed unless it clearly appears that the challenged remarks influenced the verdict . . . ." Burke v. Regalado, 935 F.3d 960, 1026 (10th Cir. 2019) (quotation and citation omitted). Again, the Court finds nothing before it to suggest the verdict in this case was improperly influenced by defense counsel's rogue remark at the outset of a lengthy closing argument. Plaintiff's motion is denied on this ground.

**Rhoades v. Forsyth**                                          **1:18-cv-186**

**MEMORANDUM OPINION AND ORDER DENYING**
**PLAINTIFF'S RULE 59 MOTION FOR NEW TRIAL**

**IV.   CONCLUSION**

For the stated reasons, Plaintiff's motion for new trial is

**DENIED.**

It is so **ORDERED.**

The Court directs the Clerk to transmit copies of this Order

to counsel of record.

**DATED:** February 1, 2022

/s/ Thomas S. Kleeh
THOMAS S. KLEEH
UNITED STATES DISTRICT JUDGE